Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

James L. Simon, Esq. (*pro hac vice* forthcoming)
james@simonsayspay.com
**SIMON LAW CO.**
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696

Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
mike@fradinlaw.com
**FRADIN LAW**
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erishaun Ross, individual, and on behalf of herself and all others similarly situated, | ) Case No. '23CV1443 LAB JLB |
| | ) |
| Plaintiff, | ) **CLASS ACTION** |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) |
| Netraduyne, Inc.; and DOES 1 through 10, inclusive, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant(s). | ) |
| | ) |

**PRELIMINARY STATEMENT**

Now comes Plaintiff, Erishaun Ross ("Plaintiff"), on behalf of herself and all others similarly situated, through counsel, and pursuant to 740 ILCS 14/1 et. al. and Fed. R. Civ. P. 23, against Defendant Netradyne, Inc. ("Netradyne"), its subsidiaries and affiliates and DOES 1 through 10 (collectively, "Defendants"), to redress and curtail Defendants' unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.      Netradyne's self-described mission "is to transform road and safety by using advanced vision technology to change the way drivers interact with the road around them, therefore creating safer roadways for today and smarter roadways for tomorrow." https://www.netradyne.com (last visited Jul. 19, 2023).

2.      To fulfill its mission, Netradyne sells consumers its proprietary "dash cams' and accompanying monitoring platform and services.

3.      In other words, Netradyne customers can have a Netradyne dash cam installed on the dashboard of any vehicle.

4.      Netradyne customers then utilize Netradyne's monitoring platform and services to monitor and communicate with the driver of any vehicle which has the Netradyne dash cam installed.

5.      Netradyne uses facial recognition technology to "assess distracted driving behaviors like drowsiness and texting while driving." *Id.*

6.      Netradyne, through its facial recognition technology, collects, stores, possesses, otherwise obtains, uses, and disseminates drivers' biometric identifiers or

**CLASS ACTION COMPLAINT**

biometric information.

7.      Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Netradyne's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Netradyne's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Netradyne users have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8.      The Illinois legislature enacted the Biometric Information Privacy Act ("BIPA") to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co*., 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9.      Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10.      In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Netradyne may not obtain and/or possess an individual's biometrics unless it: (1) informs that person

1    in writing that biometric identifiers or information will be collected or stored; (2)

2    informs that person in writing of the specific purpose and length of term for which

3    such biometric identifiers or biometric information is being collected, stored and used;

4    (3) receives a written release from the person for the collection of his or her biometric

5    identifiers or information; and (4) publishes publicly-available written retention

6    schedules and guidelines for permanently destroying biometric identifiers and

7    biometric information. 740 ILCS 14/15(a)-(b).

8        11.    The Illinois Legislature has found that "[b]iometrics are unlike other

9    unique identifiers that are used to access finances or other sensitive information." 740

10   ILCS 14/5(c). "For example, social security numbers, when compromised, can be

11   changed. Biometrics, however, are biologically unique to the individual; therefore,

12   once compromised, the individual has no recourse, is at heightened risk for identity

13   theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

14       12.    Specifically, upon information and belief, Netradyne has created,

15   collected, and stored thousands of facial geometries, biometric identifiers, or

16   biometric information from countless Illinois residents who drove a vehicle with a

17   Netradyne camera installed. Such biometric identifiers or biometric information which

18   Netradyne extracts is unique to a particular individual in the same way that a

19   fingerprint uniquely identifies a particular individual.

20       13.    Netradyne is a "private entity" as that term is broadly defined by BIPA

21   and Netradyne is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

22       14.    The true names and capacities, whether individual, corporate, associate,

23   representative, alter ego or otherwise, of defendants named in this action as DOES 1

24   through 10 inclusive are presently unknown to Plaintiff, who therefore sues such

25   defendants by such fictitious names. Plaintiff will seek to amend this Complaint to

26   allege the true names and capacities of DOES 1 through 10 when the same have been

27   ascertained. Plaintiff is informed and believes, and based thereon alleges, that DOES

28

**CLASS ACTION COMPLAINT**

1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff and the Class Members for the events, happenings, and damages set forth below.

15.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## JURISDICTION AND VENUE

16.    This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

17.    Venue is proper in this Court because Netradyne is headquartered and registered to do business in California and therefore a substantial amount of the acts and omissions giving rise to this action occurred within this judicial district.

18.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Netradyne is domiciled in California and the amount in controversy exceeds $75,000.

19.    This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

20.    At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were located in Illinois.

21.    At all relevant times, Netradyne is duly licensed and registered to transact

**CLASS ACTION COMPLAINT**

1  business in California, and Netradyne has corporate offices in San Diego and its
2  principal place of business is located at 9171 Towne Centre Drive, Suite 110, San
3  Diego, California 92122.

4  **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5      22.    Plaintiff realleges and incorporates by reference all allegations in all
6  preceding paragraphs.

7      23.    At all relevant times, Plaintiff was a resident of Chicago, Illinois.

8      24.    Plaintiff was employed by the Mission of Our Lady Mercy, Inc., which
9  is more commonly known as the Mercy Home for Boys & Girls ("Mercy Home"),
10 from approximately January 5, 2022 through approximately March 31, 2023.

11     25.    In her employment for Mercy Home, Plaintiff regularly drove Mercy
12 Home's vans.

13     26.    At all relevant times, the van which Plaintiff drove for Mercy Home were
14 equipped with Netradyne dash cams which were used to monitor Plaintiff. At times,
15 Plaintiff would receive alerts that she was exhibiting distracted driver behavior. Such
16 alerts were premised upon Netradyne's facial recognition technology.

17     27.    Netradyne collected and retained Plaintiff's biometric information each
18 time that she drove a Mercy Home van.

19     28.    At all relevant times, Netradyne had no written policy, made available to
20 the public, establishing a retention schedule and guidelines for permanently destroying
21 biometric information when the initial purpose for collecting or obtaining such
22 biometric information has been satisfied or within three years of the individual's last
23 interaction with Netradyne, whichever occurs first.

24     29.    Ostensibly, the purpose of Netradyne's collection of Plaintiff's biometric
25 identifiers or biometric information was to alert Netradyne's customer – Mercy Home
26 – that Plaintiff was exhibiting or indicating some type of distracted driving.

27     30.    As such, Plaintiff's biometric identifiers or biometric information should

28

- 6 -
**CLASS ACTION COMPLAINT**

have been permanently destroyed by Netradyne immediately following such an alert.

31.    However, Netradyne failed to permanently destroy Plaintiff's biometric identifiers or biometric information following the conclusion of each alert and instead retained Plaintiff's biometric identifiers or biometric information.

32.    As such, Netradyne's retention of Plaintiff's biometric identifiers or biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

33.    Netradyne did not inform Plaintiff in writing that it was collecting or storing her biometric information.

34.    Instead, Netradyne makes no effort inform drivers that Netradyne is collecting or retaining their biometric information.

35.    In fact, Netradyne made no mention of biometric information, collection of biometric information, or storage of biometric information.

36.    Moreover, Netradyne did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

37.    Netradyne collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff in which she consented to or authorized Netradyne to do the same.

38.    Netradyne collected, stored, and used Plaintiff's biometric information without ever receiving Plaintiff's informed consent to do same.

39.    Additionally, Netradyne disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

40.    Upon information and belief, Netradyne disclosed, redisclosed, or

**CLASS ACTION COMPLAINT**

otherwise disseminated Plaintiff's biometric information to its customer – Mercy Home – and Netradyne's third party service providers for Netradyne's business purposes including, but not limited to, third party providers that provide business services to Netradyne, third party service providers that provide professional services to Netradyne, and third-party service providers that provide technical support functions to Netradyne.

41.    Netradyne's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Netradyne's products and services which Netradyne offers to all of its customers.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

42.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43.    Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

> **All Illinois residents who had their biometric information collected by Netradyne at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").**

44.    In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

45.    **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

46.    **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiff and the Class Members

**CLASS ACTION COMPLAINT**

including, but not limited to, the following:

    a.  Whether Netradyne possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Netradyne, whichever occurs first.

    b.  Whether Netradyne collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members.

    c.  Whether Netradyne disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent

**CLASS ACTION COMPLAINT**

jurisdiction.

    d.  The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

47.    **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had her biometric identifiers and biometric information collected, retained or otherwise possessed by Netradyne without Netradyne's adherence to the requirements of BIPA as detailed herein.

48.    **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

49.    **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Netradyne acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

50.    **Predominance and Superiority of Class Action (Rule 23(b)(3)).** Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Netradyne's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Netradyne's practices.

**CLASS ACTION COMPLAINT**

51.    Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

52.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53.    A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

54.    Netradyne collected Plaintiff's and the Class Members' facial geometries and created biometric templates of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

55.    At all relevant times, Netradyne had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within three years of the individual's last interaction with Netradyne, whichever occurs first.

56.    Ostensibly, the purpose of Netradyne's collection of Plaintiff's and the Class Members' biometric identifiers or biometric information was to alert Netradyne's customers that Plaintiff and the Class Members may have been exhibiting

**CLASS ACTION COMPLAINT**

indicators of distracted driving.

57.    As such, Plaintiff's and the Class Members' biometric identifiers or biometric information should have been permanently destroyed by Netradyne immediately following the conclusion of such alerts.

58.    However, Netradyne failed to permanently destroy Plaintiff's and the Class Members' biometric identifiers, or biometric information following the conclusion of each virtual try-on experience and instead retained Plaintiff's and the Class Members' biometric identifiers or biometric information.

59.    As such, Netradyne's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

60.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.    No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

        a. informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

        b. informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

        c. receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

**CLASS ACTION COMPLAINT**

62.    Netradyne did not inform Plaintiff and the Class Members in writing that Netradyne was collecting or storing their biometric information.

63.    Instead, Netradyne makes no effort inform drivers that Netradyne is collecting or retaining their biometric information.

64.    In fact, Netradyne made no mention of biometric information, collection of biometric information, or storage of biometric information.

65.    Moreover, Netradyne did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

66.    Netradyne collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which would consent to or authorize Netradyne to do same.

67.    As such, Netradyne's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

**<u>COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)</u>**

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

68.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.    No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the

**CLASS ACTION COMPLAINT**

biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

70.    While discovery will ascertain all of the ways in which Netradyne disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Netradyne disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information to its customer – Mercy Home – and Netradyne's third party service providers for Netradyne's business purposes including, but not limited to, third party providers that provide business services to Netradyne, third party service providers that provide professional services to Netradyne, and third-party service providers that provide technical support functions to Netradyne.

71.    Netradyne's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

### PRAYER FOR RELIEF

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Netradyne has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Netradyne's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant

**CLASS ACTION COMPLAINT**

1   to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems

2   appropriate.

3                           **<u>DEMAND FOR JURY TRIAL</u>**

4          Plaintiff and the Class Members hereby demand a jury trial on all causes of

5   action and claims with respect to which they each have a state and/or federal

6   constitutional right to a jury trial.

7   DATED: August 1, 2023               Respectfully submitted,

8                                       **BELIGAN LAW GROUP, LLP**

9
10                                      By: /s/ *Leah M. Beligan*_____
                                            Leah M. Beligan, Esq.
                                            lmbeligan@bbclawyers.net
11                                          Jerusalem F. Beligan, Esq.
                                            jbeligan@bbclawyers.net
12                                          19800 MacArthur Blvd., Ste. 300
                                            Newport Beach, CA 92612
13                                          Telephone: (949) 224-3881

14                                      **THE LAW OFFICES OF SIMON &
                                        SIMON**
15
16                                      By: /s/ *James L. Simon*_____
                                            James L. Simon (*pro hac vice*
17                                          forthcoming)
                                            james@bswages.com
18                                          5000 Rockside Road
                                            Liberty Plaza – Suite 520
19                                          Independence, OH 44131
                                            Telephone: (216) 525-8890
20
21                                      By: /s/ *Michael L. Fradin*_____
                                            Michael L. Fradin, Esq. (*pro hac vice*
22                                          forthcoming)
                                            mike@fradinlaw.com
23                                          8401 Crawford Ave., Ste. 104
                                            Skokie, IL 60076
24                                          Telephone: 847-986-5889

25                                      *Attorneys for Plaintiff and the Putative Class*

26

27

28

                            **CLASS ACTION COMPLAINT**